### Robert Scott v. The People of the State of Illinois.

1. WAIVER—*Irregular Process.*—If a defendant desires to object to
the jurisdiction of a court on the ground of irregular process he must do
so at the first opportunity or his right is waived.

**Prosecution,** for allowing animals to run at large. Error to the
County Court of Mercer County; the Hon. J. S. CONNELL, Judge, pre-
siding. Heard in this court at the December term, 1894. Affirmed.
Opinion filed May 28, 1895.

L. D. THOMASON, attorney for plaintiff in error.

JAMES M. BROCK, State's Attorney, for the people.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

A sworn complaint charging plaintiff in error with allow-
ing certain animals to run at large in violation of section
1, chapter 8, Revised Statutes, was filed with a justice of
the peace.

The justice, instead of issuing a warrant for the arrest of
plaintiff in error, issued an ordinary civil summons, which
was served upon him by reading. He appeared and de-
fended upon the merits. He was found guilty and fined.
He appealed to the County Court and there moved to dis-
miss the writ because a civil summons instead of a criminal
warrant was issued and served upon him when the suit was
commenced. The County Court overruled the motion, and
upon a trial, rendered judgment against him for a fine of
$10 and costs.

The only ground urged for a reversal of the judgment is
the alleged error of the court in overruling the motion to
dismiss.

There is no merit in the motion. It goes only to the juris-
diction of the person. Had plaintiff in error, having heard
of a complaint being filed against him, seen fit to submit
himself to the jurisdiction of the justice without the issuing
of any process whatever, the justice would have been author-

ized to try him on the charge. He appeared and went to trial without any objection as to the mode by which the court had taken jurisdiction of his person. The complaint was the commencement of the suit. It authorized process against the defendant. If the character of process was not that which properly follows a complaint, it performed the office of getting the defendant in person before the justice, and if he desired to avail himself of any advantage growing out of its irregularity, then was the time to do it.

The County Court properly held that the right to the motion had been waived.

Judgment affirmed.